UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80732-CIV-MARRA/MATTHEWMAN

RAVI KADIYALA, individually,
and as the assignee of CREDIT
UNION MORTGAGE UTILITY BANC,
INC., an Illinois corporation,

    Plaintiffs,
vs.

MARK JOHN PUPKE, MARIE MOLLY PUPKE,
NICOLE ELLERSTEIN (a/k/a Nicole Auguste
Jacke), THE FLAGLER GROUP AND ASSOCIATES,
a Florida sole proprietorship, JOHN P. MILLER,
individually and doing business as
JOHN P. MILLER CPA, PA, a Florida corporation,

    Defendants.
_____/

MARK JOHN PUPKE and MARIE MOLLY PUPKE,

    Counterclaim Plaintiffs,
v.

RAVI KADIYALA, individually, and as the assignee
of CREDIT UNION MORTGAGE UTILITY BANC, INC.,
an Illinois corporation,

    Counterclaim Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Plaintiffs' 12(B)(6) Motion to Dismiss Pupke Defendants' Counterclaims [DE 82]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply was

filed and the time for doing so has passed.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi South Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). In ruling on a 12(b)(6) motion, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the [plaintiff's] claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted).

The pleading requirements are different for certain matters, including claims that are founded upon fraud. Federal Rule of Civil Procedure 9(b) provides that in "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." A counterclaim plaintiff alleging fraud must therefore plead the "who, what, when, and where [of the fraud] before access to the discovery process [will be] granted." *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1303 (S.D. Fla. 2009) (internal citation omitted). This heightened standard serves the important purposes of "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (quoting *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotation omitted).

## DISCUSSION

### Breach of Contract

In Count I of their Counterclaim, Marie Molly Pupke and Mark John Pupke ("Counterclaimants") allege that they and Ravi Kadiyala and Credit Union Mortgage Utility Banc, Inc. ("Counterclaim Defendants") entered into a contract on or about November 7, 2012, and that "[t]he contract was breached on <u>January 1, 2013</u> due to Counterclaim Defendants failure to attend closing."  DE 73 ¶¶ 32-33 (emphasis supplied).

Florida law[1] provides a five-year statute of limitations on a claim for breach of contract.  Fla. Stat. § 95.11(2)(b); *see also Tillman v. Advanced Public Safety, Inc.*, No. 15-81782-CIV-MARRA 2016, WL 11501680, at *11 (S.D. Fla. 2016).  The limitations period begins to run at the time of the breach.  See Fla. Stat. § 95.031(1).

Defendants argue this claim must be dismissed because "any claim they may have had expired on January 1, 2018.  The Counterclaims were filed on September 28, 2018, almost ten months after the statute of limitations had expired."  DE 82 ¶ 18.

A 12(b)(6) dismissal "on statute of limitation grounds is appropriate only if it is

---

[1] Because the Court is sitting in diversity, it applies state law as determined by the Florida Supreme Court.  *See Tampa Bay Water v. HDR Eng'g, Inc*. 731 F.3d 1171, 1177 (11th Cir. 2013) ("As a federal court sitting in diversity, we are required to apply the law as declared by the state's highest court" and "[i]n the absence of authority on point, we follow relevant decisions of Florida's intermediate appellate courts and attempt to determine the issues of state law as we believe the Florida Supreme Court would." (internal quotation marks and citations omitted)).

'apparent from the face of the complaint' that the claim is time barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *see also State Farm Mut. Auto. Ins. Co. v. B & A Diagnostic, Inc.*, 104 F. Supp. 3d 1366, 1376 (S.D. Fla. 2015). Additionally, "[t]he statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant." *Clark v. Ashland, Inc.*, No. 2:13-cv-794, 2015 WL 1470657, *4 (M.D. Fla. Mar. 31, 2015).

Statutes of limitations exist "to prevent the litigation of stale claims — claims as to which defense may be hampered because of passage of time, lost evidence, faded memories, or disappearing witnesses...." *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993). Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) ("a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under 12(b)(6) ... when the complaint shows on its face that the limitations period has run ....").

Counterclaimants acknowledge Counter Defendants "are correct in their assertions regarding the amount of time that has elapsed," but argue that they are entitled to equitable tolling of the statute of limitations because "since the transfer [of this case from Illinois to this Court, they] have not had the aid of counsel

admitted to the Southern District of Florida," and they "were not aware of time limitations contained within their claims . . ." DE 83 at 6. They also assert that they "should not be prevented from bringing a claim against the Plaintiff that is the subject of the very same contract that is the premise of the Plaintiff's claim against the Defendant" and "that at the time the Plaintiffs filed their complaint, the statute of limitations became tolled." DE 83 at 7.

Under general equitable doctrines, once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971) (citation omitted). Counterclaimants assertion that "the fault regarding the timeliness of the claim is not directly related to the inaction of the Defendants" is not well supported by the facts.

The doctrine of equitable tolling permits under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period. The tolling doctrine is used in the interests of justice to accommodate both a defendant's right not to be called upon to defend a stale claim and a plaintiff's right to assert a meritorious claim when equitable circumstances have prevented a timely filing. *Machules v. Dep't of Admin.*, 523 So. 2d 1132 (Fla. 1988). Generally, the equitable tolling doctrine is applied when a plaintiff has been misled or lulled into inaction, has

in some extraordinary way been prevented from asserting his or her rights,[2] or has timely asserted his or her rights mistakenly in the wrong forum,[3] provided that the opposing party will suffer no prejudice. *Jerry Ulm Dodge, Inc. v. Chrysler Group LLC*, 78 So. 3d 20 (Fla. Dist. Ct. App. 2011).

Under Florida law, the doctrine of equitable tolling, when it involves no misconduct on the part of a defendant, may delay the running of the limitations period based on a plaintiff's blameless ignorance (for instance, when the consequences of medical malpractice do not become known or apparent for a period longer than that of the statute)[4] and the lack of prejudice to defendant.[5] However, "[w]here there is sufficient time for a claimant to file suit before the applicable statute of limitations expires, there is no basis for an equitable tolling of the limitations period." 22 Fla. Jur. 2d Estoppel and Waiver § 31 (2d ed. 2019) citing *Ross v. Jim Adams Ford, Inc.*, 871 So. 2d 312 (Fla. Dist. Ct. App. 2004) (limitations for wrongful termination was not tolled while former employee pursued administrative

---

[2] *Garcia v. Dep't of Bus. & Prof'l Reg., Div. of Real Estate*, 988 So. 2d 1199 (Fla. Dist. Ct. App. 2008); *Williams v. Albertson's Inc.*, 879 So. 2d 657 (Fla. Dist. Ct. App. 2004); *Patz v. Dep't of Health*, 864 So. 2d 79 (Fla. Dist. Ct. App. 2003); *Whiting v. Florida Dep't of Law Enforcement*, 849 So. 2d 1149 (Fla. Dist. Ct. App. 2003); *Machules v. Dep't of Admin.*, 523 So. 2d 1132 (Fla. 1988).

[3] *Seavor v. Dep't of Fin. Serv.*, 32 So. 3d 722 (Fla. Dist. Ct. App. 2010); *Aleong v. Dep't of Bus. & Prof'l Reg.*, 963 So. 2d 799 (Fla. Dist. Ct. App. 2007); *Williams v. Albertson's Inc.*, 879 So. 2d 657 (Fla. Dist. Ct. App. 2004); *Patz v. Dep't of Health*, 864 So. 2d 79 (Fla. Dist. Ct. App. 2003); *Machules v. Dep't of Admin.*, 523 So. 2d 1132 (Fla. 1988).

[4] *See*, *U. S. v. Kubrick*, 444 U.S. 111, 121 (1979).

[5] *Estate of Durden v. Kia Motors Corp.*, 377 F. Supp. 2d 1196 (N.D. Fla. 2005), *aff'd*, 148 F.App'x 920 (11th Cir. 2005) (applying Florida law); *Major League Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001).

complaint with state agency).

Regarding Counterclaimants argument that they were not aware of the statute of limitations, actions for breach of contract are barred five years after the cause of action accrued regardless of whether Plaintiffs knew that they had a claim. *See Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So.2d 737, 740 (Fla. Dist. Ct. App. 2000); *Lion Life, LLC v. Regions Bank*, No. 12-CIV-81145-MARRA, 2013 WL 2367823, at *2 (S.D. Fla. 2013). Counterclaimants other arguments are equally unavailing. Not having the aid of counsel admitted to this district suggests deliberate inaction on the part of Counterclaimants. This matter was transferred to this Court on June 14, 2017 (DE 43, 44), six and one-half months before the statute of limitations had run. As it is apparent from the face of the Counterclaim that Count I is time barred, Count I of the Counterclaim alleging breach of contract will be dismissed with prejudice for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**Fraud**

In Count II of their Counterclaim, Counterclaimants allege Counter Defendants made numerous false statements concerning material facts; that they knew when they made the statements that the respresentations were false; that they made the false statements with the intent and expectation that the representations would induce Counterclaimants to act on it, and that Counterclaimants suffered injury acting in reliance on the materially false representations. DE 73 ¶¶ 36-39. Counter Defendants assert Counterclaimants fail to state their claim for fraud with

particularity, as required under Fed. R. Civ. P. 9(b), and that Count II should be dismissed for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Silver Creek Farms, LLC v. Fullington*, No. 16-CIV-80353-MARRA, 2016 WL 11185939, at *4 (S.D. Fla. 2016). This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) ("*Brooks*") *quoting Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).

The Eleventh Circuit has explained that, although there are other ways to satisfy this requirement, it may be satisfied by setting forth: "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants "obtained as a consequence of the fraud."[6] *Brooks*, 116 F.3d at 1370–71 (internal citation

---

[6] A claimant's conclusory allegation that it suffered damages is insufficient to satisfy Rule 9(b)'s particularity requirement. *See McElrath v. ABN AMRO Mortg. Grp., Inc.*, No. 11–62216-CIV, 2012 WL 463893, at *5 (S.D. Fla. Feb. 13, 2012) (dismissing fraudulent inducement claim where plaintiff alleged

omitted); *see also 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l Bank*, No. 08-00556-CIV, 2008 WL 5110778, at *10 (M.D. Fla. Dec. 1, 2008). "[T]he material facts giving rise to [a] claim of fraud must be specifically pled and cannot be inferred or assumed from the circumstances." *Id*.

In support of their claim, Counterclaimants point out that they allege

> 15. Counterclaim Defendants, via their agents or directly, provided numerous material misleading statements regarding their financial position. While Counterclaim Defendants were putting forth this image of being a well to do enterprise, the truth was that Counterclaim Defendants had misrepresented their serious credit problems, misrepresented their specialties, and misrepresented their backgrounds.
>
> 16. The purpose of the misrepresentations were to purposefully and maliciously induce reliance on the part of Counter Claimant, Mark Pupke, to stay with the company, after the consummation of the deal. The misrepresentations included but were not limited to: Counterclaim Defendants stated their team could bring in $90 million dollars a month in mortgage loans within nine months and had extensive background/knowledge in the field."

DE 73 ¶¶ 15, 16.

As stated above, to satisfy the particularity requirement of Rule 9(b), a claimant must identify the "who, what, when, and where" of the alleged fraud. *Infante*, 680 F. Supp. 2d at 1303. Here, Counterclaimants have failed to plead their

---

only that it had "sustained damages" as a result of defendants' conduct). As the Eleventh Circuit explained, to satisfy the requirement, a claimant should include factual allegations relating to what the defendants gained as a consequence of the fraud. *See Etkin & Co. v. SBD, LLC*, No. 11-CIV-21321, 2013 WL 12092536, at *5 (S.D. Fla. 2013) (dismissing fraudulent inducement claim, in part because the complaint did not allege what defendants gained).

fraud claim with the particularity required by Rule 9(b), and has instead asked the Court to infer material facts relating to the alleged misrepresentations and the damages sustained as a result of their alleged reliance on them. DE 83 at 4. Although the Court accepts all of Counterclaimants' factual allegations as true, in this case making all inferences and assumptions that are necessary to support their claim would "strip all meaning from Rule 9(b)'s requirements of specificity." *Id*. Accordingly, Count II will be dismissed without prejudice, giving Counterclaimants a second chance to adequately allege fraud with particularity.

**<u>Conversion</u>**

Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Lan Li v. Walsh*, No. 16-CIV-81871-MARRA, 2017 WL 3130391, at *3 (S.D. Fla. 2017) citing *Special Purpose v. Prime One*, 125 F. Supp. 2d 1093, 1099–1100 (S.D. Fla. 2000). A defendant must possess the property in order to convert the property. *Medinis v. Swan*, 955 So. 2d 595, 597 (Fla. Dist. Ct. App. 2007).

Count III alleges that Counter Defendants took ownership of the funds and the business ("chattel") belonging to Counterclaimants; that they took the chattel with the intent to exercise ownership inconsistent with Counterclaimant's right of possession; and that they "acted in asserting a right of dominion over chattels which was inconsistent with the right of Counterclaimants." DE 73 ¶¶ 41-43.

Counter Defendants argue Counterclaimants fail to state a claim for conversion because they do not allege they were actually deprived of any property or the ownership of the business.  Specifically, Counter Defendants argue the Counterclaimants:

> state only that cashier's checks were issued, and fail to claim that the cashier's checks were cashed or that the Pupke Defendants were otherwise wrongfully deprived of the funds the cashier's checks represented, because they cannot factually do so.
>
> fail to claim that Plaintiffs in any way wrongfully deprived them of ownership of EURO, stating only general allegations without any specificity, that Mr. Kadiyala represented himself as the new owner of EURO.
>
> fail to state that they made a demand for the return of the money or business and that said demand was or could not be met because the Pupke Defendants still had both the money and the business.

DE 82 at 13.

Counterclaimants respond that their claim for conversion contains sufficient information to establish ownership and that the contracts attached to their counterclaim "put forth what was supposedly conveyed amongst the parties and indicate ownership.  An inference that Defendant had ownership is reasonable and plausible."  DE 83 at 4-5.

The Court finds paragraphs 29-30 of the Counterclaim states a plausible claim for conversion where it is alleged that "Kadiyala continued his spree by stealing roughly $736,000.00 from EURO's accounts.  On or about January 5-6, 2016, Counterclaim Defendant, Kadiyala, went directly to Bank of America and represented

himself as the owner of EURO. He then went from several banks, withdrawing the maximum amount allowable in cashier checks made to his personal accounts. Counterclaim Defendants motives were clear. They never had any intention of making EURO an ongoing business, rather to defraud and pillage EURO of all of its value." DE 73, ¶¶ 29-30. The motion to dismiss Count III is denied.

**Tortious Interference with Advantageous Business Relationship**

Counterclaimants' last count, Count IV, for tortious interference with advantageous business relationship, alleges that they "had a business relationship with various entities banks, lenders, etc. which were not necessarily evidenced by an enforceable contract;" that Counter Defendants "had full knowledge of the relationships;" that Counter Defendants "had numerous intentional and unjustified interferences with Counterclaimants business relationships;" and that they "suffered damages as a result of the breach of the relationship." DE 73 ¶¶ 45-48.

Plaintiffs argue that Count IV should be dismissed for failure to state a claim upon which relief can be granted because Counterclaimants (1) "fail to allege the existence of a business relationship that was interfered with, under which they had legal rights," and (2) "fail to allege the existence of any actual damages incurred as a 'result of the breach of the relationship.'" DE 82 at 14-15 of 17. Plaintiffs further complain that the count fails to put them on notice of what they are accused of doing.

The elements for tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant and (4) damage to the plaintiff as a result of the interference." *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-CIV-62216-MARRA, 2015 WL 1526177, at *7–8 (S.D. Fla. Apr. 3, 2015) citing *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08–81004–CIV, 2010 WL 376309, at * 4 (S.D. Fla. Jan.26, 2010); *Palm Beach County Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So.3d 1090, 1094 (Fla. Dist. Ct. App. 2009); *Salit v. Ruden, McClosky, Smith, Schuster, Russell, P.A.*, 742 So.2d 381, 385 (Fla. Dist. Ct. App. 1999).

Counterclaimants acknowledge this claim needs to be alleged with more specificity. They state "a simple adjustment, providing the names of the banking and lending institutions affected . . . would alleviate all alleged deficiencies." DE 83 at 5. The Court will dismiss this count without prejudice, to allow Counterclaimants to reallege it. However, the Court believes that more than the names of the banking and lending institutions is needed. Counterclaimants should allege facts that touch upon the four elements of the cause of action listed above. In accordance with the conclusions reached above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' 12(B)(6) Motion to Dismiss Pupke Defendants' Counterclaims [DE 82] is granted in part and denied in part. Count I for

Breach of Contract is dismissed with prejudice; Count II alleging fraud is dismissed without prejudice; Count III sufficiently alleges a claim for conversion and is not dismissed; and Count IV is dismissed without prejudice. Counterclaimants may file an amended counterclaim compliant with the conclusions reached above on or before April 18, 2019.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of April, 2019.

                                            KENNETH A. MARRA
                                            United States District Judge