UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80732-CIV-Marra/Matthewman

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corp.,

    Plaintiff,

vs.

MARK JOHN PUPKE, et al.,

    Defendants.
_____/



FILED BY _____ D.C.

AUG 08 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING THE PUPKE DEFENDANTS' MOTION TO COMPEL [DE 125] AS TO THE SETTLEMENT AGREEMENT ENTERED INTO BETWEEN PLAINTIFF AND THE MILLER DEFENDANTS

**THIS CAUSE** is before the Court upon Defendants, Mark John Pupke and Marie Molly Pupke's ("the Pupke Defendants") Motion to Compel and to Overrule Objections to Defendants' Second Request for Production ("Motion") [DE 125]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 359. Plaintiff, Ravi Kadiyala ("Plaintiff") filed a response [DE 129][1], and no reply was filed. The Court held a hearing on the Motion on July 25, 2019.

### I.    Issue Presented

This discovery dispute involves whether two remaining defendants in a civil case can obtain a copy of a settlement agreement, and related payment documents and correspondence, entered into by two former co-defendants and the current Plaintiff. Specifically, the Pupke

---

[1] The response was mis-docketed and improperly states that the document was stricken.

1

Defendants seek to obtain the settlement agreement, payment documents, and correspondence between Plaintiff and John P. Miller and John P. Miller CPA, P.A. ("the Miller Defendants")—a CPA and CPA firm who allegedly previously did accounting work for various entities which were used in the scheme to defraud. [DE 1, p. 3, para. 7-8]. The Pupke Defendants assert that the settlement documents are relevant and proportional under Federal Rule of Civil Procedure 26(b)(1) as they pertain to set-off, and also to bias and motive of the former defendant John P. Miller. Both Plaintiff and the Pupke Defendants agree that John P. Miller, CPA, will be a witness in this case. Plaintiff asserts in response that the documents are irrelevant and inadmissible.

## II. Background

The Pupke Defendants' Motion [DE 125] pertaining to their Second Set of Requests for Production directed at Plaintiff initially sought to compel Plaintiff's responses to several requests. However, at the July 25, 2019 hearing, the parties' counsel represented that only requests for production #1-4 remained at issue as the parties had resolved all of the other disputes discussed in the Motion amongst themselves.

The Pupke Defendants' requests for production #1-4 essentially seek the amount of the settlement between the Miller Defendants and Plaintiff, the settlement agreement itself, and copies of checks or correspondence. The Court heard from the parties at the July 25, 2019 hearing and orally directed Plaintiff's counsel to submit the disputed documents to the Court for *in camera, ex parte* review. The next day, on July 26, 2019, the Court entered its written Order [DE 141] requiring that Plaintiff submit for *in camera, ex parte* review the documents sought in requests #1-4 of Defendants' Second Set of Requests for Production. Plaintiff has submitted the documents as required. The Court has carefully reviewed the documents *in camera*. This matter is now ripe

for review.

### III. The Current Status of the Miller Defendants

John P. Miller and John P. Miller CPA, P.A., were formerly defendants in the instant case. Plaintiff originally sought damages of "not less than 1.3 million dollars" against the Miller Defendants and other co-defendants, jointly and severally. [DE 1, pp. 18-19]. However, a Notice of Settlement between Plaintiff and the Miller Defendants was filed on May 10, 2019. [DE 111]. Thereafter, on May 16, 2019, Plaintiff filed a Stipulation for Order of Dismissal with Prejudice as to the Miller Defendants [DE 114]. The Court then entered an Order of Dismissal as to the Miller Defendants on May 31, 2019 [DE 116].

### IV. Documents Requested by the Pupke Defendants from Plaintiff

Requests for production #1-4 seek copies of the settlement agreement between the settling Miller Defendants and the current Plaintiff; documents indicating the total amount of the settlement to be paid; copies of all cancelled checks connected to the settlement; and documents referencing the date the settlement amount was paid or will be paid. [DE 125-1].

### V. Analysis and Discussion of Applicable Rules and Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) allows discovery "through increased reliance on the

3

commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 15–2599–MD–Moreno, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2075 *Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group*, No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

"The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *2 (S.D. Fla. Feb. 7, 2019); *see also Broadbandone, Inc. v. Host.net, Inc.*, No. 12-80604-CIV, 2013 WL 12096358, at *1 (S.D. Fla. May 30, 2013); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-Gold, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). In other words, the respondent "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (citing *Giardina v. Lockheed Martin Corp.*, No. Civ. A. 02-1030, 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg,* 197 F.R.D. 519 (M.D. Fla. 2000)).

As to the particular issue of whether a settlement agreement (and related documents) is relevant and discoverable, or whether it can be withheld as "confidential," the Court has identified cases in this District and outside of this District in which courts have compelled production of

settlement agreements under similar circumstances.

First, in *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 WL 1526649, the plaintiff, Jeld-Wen, Inc., moved to compel the production of a settlement agreement entered into in a separate case between the third-party plaintiff and the third-party defendant. *Id.* at *1. Jeld-Wen was not a party to the other case that was settled. *Id.* The court found that Jeld-Wen had sufficiently shown that the settlement agreement may be useful as impeachment evidence at trial against the parties who had entered into the settlement agreement. *Id.* at *2. According to the court, "[i]mpeachment evidence is a classic example of the type of evidence that should be discoverable in litigation." *Id.* at *2. The court also found that the settlement agreement was relevant to a possible setoff and that Jeld-Wen should have the opportunity to review the settlement agreement to determine the issue itself. *Id.* Finally, the Court rejected the defendant's argument that a heightened standard of relevance should be applied when the production of a settlement agreement during discovery is at issue and noted that the existence of a confidentiality order in the case adequately addressed the confidential nature of the document. *Id.* at *3.

This Court agrees with the analysis of Judge Edwin G. Torres in *Jeld-Wen*. The settlement agreement in this case may be useful for impeachment of former defendant John P. Miller, depending on how he testifies at deposition or trial. Further, Plaintiff has failed to show that the settlement agreement has no possible bearing at trial. And, the fact that the settlement agreement is labeled confidential does not bar its production in discovery. This is especially true where, as in the instant case, a stipulated protective order has been entered into by the parties. [DE 121].

Next, in *Mohamed v. Columbia Palms W. Hosp. P'ship*, No. 05-81130-CIV, 2006 WL 8435429 (S.D. Fla. Oct. 30, 2006), the defendant moved to compel the plaintiff to produce a copy

of the full settlement agreement between the plaintiff and his former employer from a completely separate case. *Id.* at *4. The court ultimately ordered the documents to be produced because the plaintiff had failed to show good cause or some other sound reason for prohibiting production and because the evidence was relevant to the issue of whether some of the plaintiff's alleged pain, suffering, and anguish was attributable to the plaintiff's former employer, rather than to the defendant in the instant case. *Id.* at *5. The court further explained that "Rule 408 is not a *per se* bar to discovery of the settlement agreement or its terms." *Id.*

The *Mohamed* court discussed whether a "heightened showing" is required prior to permitting discovery of a settlement agreement. 2006 WL 8435429 at *4. Although this Court does not believe that a heightened standard should be applied to permit discovery of a settlement agreement, this Court does not need to decide that issue in this case because the Court finds that, even if a heightened showing were required, that standard has readily been met here. The settlement agreement and related documents are relevant to damages, and specifically relevant to setoff. The documents sought are relevant for impeachment purposes, and they are producible under Rule 26(b)(1). Plaintiff has failed to show good cause or some other sound reason for prohibiting disclosure. *Id.* at *5.

In *Del Monte Fresh Produce B.V. v. Ace Am. Ins. Co.*, No. 00-4792-CIV, 2002 WL 34702176 (S.D. Fla. Sept. 4, 2002), *report and recommendation adopted sub nom. Delmonte Fresh Produce, N.A., Inc. v. Ace Ins. Co.*, No. 00-4792-CIV, 2002 WL 34702175 (S.D. Fla. Sept. 23, 2002), the court required the disclosure of a settlement agreement in part because it was relevant to the issue of whether the plaintiff was seeking double recovery. *Id.* at *4. Likewise, in the instant case, the settlement agreement is relevant to setoff and any potential damages award.

6

Therefore, it should be produced.

Finally, in *Bennett v. La Pere*, 112 F.R.D. 136 (D. R.I. 1986), a case out of the District of Rhode Island, the plaintiffs brought suit against two physicians, the physicians' professional service corporation, and a hospital in the same action. *Id.* at 137. The plaintiffs reached a settlement of all claims against the physicians, and a settlement agreement was drafted. *Id.* The hospital ultimately moved to compel the production of the settlement documents. *Id.* The court required production of the settlement documents after the court explained that the documents were relevant to setoff and bias or prejudice of a witness. *Id.* at 138-39. This Court agrees and finds the settlement documents to be relevant in this case for similar reasons. Furthermore, Judge Bruce M. Selya in *Bennett* astutely noted the remaining defendants "should not be left to grope blindly in the dark" about the terms of the settlement agreement entered into between the plaintiff and the former defendants. *Id.* at 141. This is especially true where, as in the instant case, the settlement agreement and related documents are relevant to setoff, impeachment, and potential bias.

Having considered all of the above legal principles and case law, the Court finds it important to note that, when Plaintiff initially filed suit against the Miller Defendants in this case, he sought damages of "no less than 1.3 million dollars." [DE 1, pp. 18-19]. Plaintiff sought these damages jointly and severally against the Miller Defendants and Defendant Marie Pupke. Then, Plaintiff settled all of his claims with the Miller Defendants, and all counts against the Miller Defendants were dismissed with prejudice. The Pupke Defendants are currently in the dark about the terms of the settlement between Plaintiff and the Miller Defendants. However, Mr. Miller will be a material witness in the pending lawsuit. This is unfair to the Pupke Defendants.

Accordingly, the Court finds that the settlement agreement and related documents must be

produced as they are relevant and proportional. In finding the documents sought to be proportional, the Court has considered the importance of the issues at stake, the parties' access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1). The Court finds that the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery weigh heavily in favor of production of the discovery sought. The parties' resources is a neutral factor as neither side has submitted any information on the parties' relative resources. And, the production burden is minimal, so the likely benefit of the discovery sought clearly outweighs any burden on Plaintiff.

In addition to the findings and analysis made previously in this Order, the Court additionally finds as follows. First, merely because settling parties label a settlement agreement as "confidential" and agree to confidentiality terms amongst themselves, does not mean that a federal court cannot order such settlement agreement produced in discovery if it is relevant and proportional under Rule 26(b)(1). "There is nothing magical about a settlement agreement." *Jen Weld Inc.*, 2007 WL 1526649 at *3. Secrecy is disfavored in our federal courts. Parties cannot insulate a document from discovery merely because they decide to label it as confidential; the federal courts are to decide such issue, not the parties.

Second, in the case at hand, Plaintiff only objected to requests for production #1-4 on the basis that the requests sought irrelevant information and that the documents sought were not admissible. [DE 125-2, pp. 1-6]. It must be emphasized that Plaintiff did not object on the basis that the documents were confidential or privileged. Thus, any argument as to confidentiality or privilege was waived by Plaintiff. However, even if Plaintiff had sufficiently asserted

8

confidentiality or privilege (which he did not), the Court would find that the documents must be produced under Rule 26(b)(1). This is because there is no applicable privilege, and the parties' agreement to keep the documents confidential must yield to Rule 26(b)(1) under the facts of this case.

Third, in light of the specific facts of this case, including the allegations in the Complaint [DE 1] and in the Amended Counterclaim [DE 104], the Court finds that the settlement documents that the Court has reviewed *in camera* are, in fact, relevant and proportional under Federal Rule of Civil Procedure 26(b)(1). Depending upon his testimony, the documents can possibly be used to impeach Mr. Miller, or to establish any bias he may have in favor of Plaintiff in this case as a result of the settlement. The Pupke Defendants should be able to review the settlement documents and determine whether, in their view, Plaintiff and the Miller Defendants entered into a "sweetheart deal" or some other arrangement which could influence Mr. Miller's ultimate testimony. The documents may also be relevant to permit the Pupke Defendants to argue or allege Mr. Miller's lack of credibility, depending upon his testimony. The Pupke Defendants should have the opportunity to review the documents before they depose Mr. Miller later this month. The Pupke Defendants should not be left to "grope blindly in the dark" as to the terms of the settlement and its possible affect upon former defendant and now witness Mr. Miller.

Fourth, the documents are relevant to any future setoff.[2] That is, they are relevant to damages and any possible setoff which may be available to the Pupke Defendants in the event of

---

[2] Section 46.015, Florida Statutes, governs the release of parties and setoffs. That statute states in relevant part: "At trial, if any person shows the court that the plaintiff, or his or her legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment." Fla. Stat. § 46.015(b).

9

an adverse judgment. The Pupke Defendants are entitled to these documents to properly defend against Plaintiff's claimed damages.

Finally, Plaintiff argues that the settlement agreement is not admissible, but the Court is not deciding admissibility here. That issue can be decided at a later time. And admissibility is not a prerequisite for a Court deeming a document relevant and discoverable. *Obremski v. Armor Corr. Health Servs., Inc.*, No. 18-61798-CIV, 2019 WL 516959, at *1 (S.D. Fla. Feb. 8, 2019); *Kaether v. Armor Corr. Health Servs.*, 2017 WL 6507793, at *3 (S.D. Fla. Dec. 11, 2017);Fed. R. Civ. P. 26(b)(1)). Because the documents are relevant and proportional, and because no privilege applies, the Court will compel their production.

### VI. Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Pupke Defendants' Motion to Compel and to Overrule Objections to Defendants' Second Request for Production [DE 125] is **GRANTED**.

2. Plaintiff shall produce the documents previously submitted to the Court for *in camera* review to the Pupke Defendants on or before **August 13, 2019**. All production shall be completed pursuant to the parties' Stipulated Protective Order [DE 121] entered on June 11, 2019.

**DONE and ORDERED** in Chambers this 8th day of August, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE