UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80732-CIV-Marra/Matthewman

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corp.,

Plaintiff,

vs.

MARK JOHN PUPKE, et al.,

Defendants.
_____/



FILED BY ____ D.C.

SEP 09 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER ON ACCOUNTANT-CLIENT PRIVILEGE FRAUD EXCEPTION AFTER *IN CAMERA* REVIEW OF DOCUMENTS

**THIS CAUSE** was previously before the Court upon the Parties' Joint Motion Asking the Court to Test, Through *In Camera* Review, the Claims of Privilege Asserted Against the Production of Certain Documents [DE 150]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 359. On September 5, 2019, the Court entered a Paperless Order granting the motion requesting *in camera* review. [DE 152]. Defendants, Mark John Pupke and Marie Molly Pupke ("Defendants") submitted, via thumb drive and via email, the documents to the undersigned's chambers as required.

### BACKGROUND

On or about June 21, 2019, Plaintiff, Ravi Kadiyala ("Plaintiff"), served a former defendant in this action, John P. Miller[1], with a subpoena *duces tecum*. [DE 150, p. 1]. Thereafter,

---

[1] John P. Miller and John P. Miller CPA, P.A., were formerly defendants in this case. However, a Notice of Settlement

1

Defendants filed a Motion for Protective Order [DE 126]. The Court held a hearing on the matter on July 25, 2019. On July 26, 2019, the Court entered an Order which, in relevant part, granted in part and denied in part the Motion for Protective Order. [DE 141]. In the Order, the Court limited the scope of the subpoena and required that counsel for both parties and counsel for Mr. Miller "confer and arrange a procedure that permits Defendants' counsel to determine on a pre-production basis whether any of the documents are privileged." *Id.* at p. 3. The Court also stated that "[i]f Defendants have a good-faith belief that any of the documents are privileged, they shall create a privilege log in compliance with the Local Rules. If the parties cannot resolve the matter, they can bring the issue to the Court for resolution." *Id.*

The parties conferred and determined a procedure for production of the documents. [DE 150, p. 2]. After Defendants' counsel reviewed the documents, counsel produced the responsive documents to Plaintiff's counsel, along with a privilege log. *Id.* Defendants withheld 109 pages of documents on the basis of accountant-client privilege. *Id.* On August 18, 2019, Defendants also produced to Plaintiff's counsel limited Intuit Quickbooks reports that were created by Defendants' counsel; Defendants' counsel did not, however, produce the actual, unredacted Quickbooks reports. *Id.* at p. 3.

In the Parties' motion requesting *in camera* review, Plaintiff argues that "there is no basis here for Defendants to withhold any document or file that Mr. Miller has produced in response to Plaintiff's Subpoena upon a claim that it is protected from disclosure to Plaintiff Kadiyala by the accountant-client privilege." [DE 150, p. 3]. According to Plaintiff, the accountant-client privilege

---

between Plaintiff and the Miller Defendants was filed on May 10, 2019. [DE 111]. Thereafter, on May 16, 2019, Plaintiff filed a Stipulation for Order of Dismissal with Prejudice as to the Miller Defendants [DE 114]. The Court then entered an Order of Dismissal as to the Miller Defendants on May 31, 2019 [DE 116].

does not apply because "Plaintiff intends to use this material to show that Defendants were involved in a fraud." *Id.*

Defendants, on the other hand, contend that the materials in the privilege log are properly withheld and privileged because the documents would never have been disclosed to third parties, and Defendants—the accountant's clients—do not wish to waive the privilege. [DE 150, p. 4]. With regard to the .qbb (Quickbooks) file, Defendant asserts that "this document is special in that access was only provided to the Miller Defendants in an advisory role and the file itself was never intended to be disclosed to third parties. Furthermore, given the nature of the file, it poses an additional evidentiary concern to Defendants." *Id.*

## DISCUSSION

The Court, sitting in diversity jurisdiction, applies the substantive law of the forum state, Florida. *See Mesa v. Clarendon Nat. Ins. Co.*, 799 F.3d 1353, 1358 (11th Cir. 2015); *Montanez v. Liberty Mut. Fire Ins. Co.*, No. 18-CIV-80788-RAR, 2019 WL 3302308, at *3 (S.D. Fla. July 23, 2019). Section 90.5055, Florida Statutes, sets forth the accountant-client privilege. The statute states in relevant part that

> A client has a privilege to refuse to disclose, and to present any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

Fla. Stat. § 90.5055(2). "A communication between an accountant and the accountant's client is 'confidential' if it is not intended to be disclosed to third persons other than: (1) those to whom disclosure is in furtherance of the rendition of accounting services to the client; [or] (2) those

reasonably necessary for the transmission of the communication." *F.D.I.C. v. Kaplan*, 2015 WL 5474489, at *3 (M.D. Fla. Sept. 16, 2015)(citing Fla. Stat. § 90.5055(1)(c)). "To invoke the accountant-client privilege; courts generally require parties to demonstrate the aforementioned elements and to also provide a privilege log to the extent that any documents were withheld from production." *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 9988745, at *9 (S.D. Fla. June 9, 2017).

There are exceptions to the accountant-client privilege. For example, the privilege does not exist when "[t]he services of the accountant were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known was a crime or fraud." § 90.5055(4)(a). This is the exception relied on by Plaintiff when they argue that the privilege does not protect the documents and Quickbooks file at issue.

The Court has reviewed the documents listed in the privilege log [DE 150-1]. The two letters (GK_000019-000022 and GK_000042-43), the internal intake form (GK_000171-GK_000272), and the Quickbooks file (GK_000629) are communications between an accountant, Mr. Miller, and Defendants. Furthermore, it is clear from a review of the documents that they were not intended to be disclosed to third persons. Thus, the only way that Plaintiff would be entitled to production of the documents is if the services of Mr. Miller were sought or obtained to enable or aid Defendants to commit or plan to commit fraud.

There is a scarcity of case law in the Eleventh Circuit on the application of the fraud exception to the accountant-client privilege. The only federal case cited by Plaintiff in the Parties' motion for *in camera* review is *Multinational Force & Observers v. Arrow Air, Inc.*, 662 F. Supp. 162 (S.D. Fla. 1987). In that case, the court found that the accountant-client privilege did not apply

4

because "the very heart of the Plaintiff's case" was that the defendant had fraudulently induced the plaintiff to enter into a contract. *Id.* at 163. Additionally, the court appeared to give credence to the plaintiff's argument that affidavits filed in the case could be proved false, so the documents at issue might evidence a fraud on the court. *Id.* The court explained, "[w]hile concededly there is a dearth of legal authority interpreting this statute, this Court concludes that the present facts comport within the legislative intent and fall within the fraud exception. This conclusion is buttressed by analogy to similar privileges." *Id.* As explained below, the *Multinational Force & Observers v. Arrow Air, Inc.* case is factually similar to the case at hand.

The Court has also considered *Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, No. 07-22326-CIV, 2008 WL 11333314 (S.D. Fla. Feb. 26, 2008), which the Court discovered upon conducting independent research. In *Jeld-Wen*, the court agreed that the accountant-client privilege is not absolute and acknowledged the existence of the fraud exception. *Id.* at *3. However, the court found that the fraud exception did not apply under the specific facts of the case because the plaintiff's various fraud counts had been dismissed by the court on a number of occasions. *Id.* The court declined to "strip [a defendant] of the accountant-client privilege based on this limited fraud exception." *Id.* Interestingly, even while rejecting the plaintiff's argument that the accountant-client privilege did not apply, the court considered the fraud exception and seemingly implied that the fraud exception would apply in cases where a plaintiff had alleged legitimate fraud claims in the complaint.

The Court finds that the court's logic in *Multinational Force & Observers* in analogizing the fraud exception to the attorney-client privilege with the fraud exception to the accountant-client privilege to be correct and reasonable. In determining whether the

5

crime-fraud exception to the attorney-client privilege applies, "[f]irst, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice." *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987). "Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it." *Id.*; *see also Blake v. Batmasian*, No. 15-CV-81222, 2017 WL 10059251, at *10 (S.D. Fla. Oct. 5, 2017), *report and recommendation adopted*, No. 15-81222-CIV, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018)

This case is much more similar to *Multinational Force & Observers* than to *Jeld-Wen, Inc.* Here, Plaintiff has explicitly alleged fraud against Defendants in the Complaint [DE 1]. Through the allegations in the Complaint, Plaintiff has made a prima facie showing of fraud and has sufficiently alleged that the assistance of the accountant, Mr. Miller, was obtained in furtherance of fraudulent activity or was closely related to it. Moreover, Mr. Miller, the accountant from whom the documents at issue were obtained, was formerly a defendant in this case who was alleged to have participated in fraud with Defendants. It seems that this case is the exact situation anticipated by the fraud exception to the accountant-client privilege. Thus, because the fraud exception applies here, the accountant-client privilege does not protect the documents at issue.[2]

Based on the foregoing, it is hereby **ORDERED** that Defendants produce to Plaintiff all of the documents provided to the Court for in camera review, including the Quickbooks file, on or

---

[2] The Court notes that it is not making a finding in this Order that the accountant, Mr. Miller, and Defendants were, in fact, engaged in fraud. That is an issue that will be decided at trial. Rather, the Court finds that there is a sufficient prima facie factual showing made by Plaintiff to establish that the fraud exception applies in this case so as to defeat Defendants' claim of accountant-client privilege.

before **September 12, 2019**. All production shall be completed pursuant to the terms of the Parties' Stipulated Protective Order [DE 121] entered on June 11, 2019.

**DONE and ORDERED** in Chambers this 9th day of September, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE