8UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80732-KAN

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corporation,

    Plaintiffs,

v.

MARK JOHN PUPKE and
MARIE MOLLY PUPKE,

    Defendants.
_____/

MARK JOHN PUPKE and
MARIE MOLLY PUPKE

    Counterclaim Plaintiffs,

v.

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corporation,

    Counterclaim Defendants.
_____/

### **DEFENDANTS' NOTICE OF FILING STATEMENT AND AUTHORITY IN SUPPORT OF ARGUMENT AFTER TRIAL FROM JURY VERDICT**

COME NOW, the Defendants, MARK JOHN PUPKE and MARIE MOLLY PUPKE and hereby submit this Notice of Filing Statement and Authority in Support of Argument After Trial From Verdict, and state as follows:

The compensatory damages awarded against both Defendants MARK JOHN PUPKE and MARIE MOLLY PUPKE are improper because they are duplicative and require the jury to have reached the conclusion for same by examining the same elements of proof. Several Florida cases have found similar. For example, in *Besett v. Basnett* the amended complaint alleged three causes

of action. One count of the complaint was tried without a jury and resulted in a judgment for the appellants. The other two counts, fraud and negligence, were submitted to the jury. The count alleging fraud resulted in a verdict against the appellant, Mr. Besett, in the amount of $152,000 and against the appellant, Mr. Czerwinski, in the amount of $18,000. A directed verdict was entered for Mrs. Besett. The appellees' alternate claim of negligence on the part of the appellant Czerwinski resulted in a verdict against him and an award of damages in the amount of $12,000. The jury also found that the appellees were twenty-five percent negligent, and accordingly, a judgment was entered in the amount of $9,000. Under the facts of this case, the remedies sought by the appellees were not inconsistent, and accordingly, the claims of fraud and negligence were both properly submitted [*173] to the jury. Compare *Bill Terry's, Inc. v. Atlantic Motor Sales* [**3], 409 So.2d 507 (Fla. 1st DCA 1982). However, since double recovery based upon the same element of damages is prohibited, *Atlantic Coastline R.R. v. Saffold*, 130 Fla. 598, 178 So. 288 (1938), the trial court erred in entering judgments on each of the verdicts. *Hillsborough County Aviation Authority v. Cone Brothers Contracting Co.*, 285 So.2d 619 (Fla. 2d DCA 1973). 437 So. 2d 172 (Fla. 2nd DCA 1983) attached hereto as **Exhibit A**.

      Similarly in *Montage Group, Ltd. v. Athle- Tech Computer Sys.*, an award of damages to Plaintiff measured by the net value of a certain transaction necessarily included the amounts that would be earned by a business after its acquisition of another business. Thus a recovery of damages that included both the value of the business and its future earnings would necessarily be duplicative or overlapping. The Court found that a party may not recover damages that reflect both the value of its business and lost profits. See *Sostchin,* 847 So. 2d at 1128 n.6; Trailer Ranch, Inc., 523 So. 2d at 631. A double recovery based on the same element of damages is prohibited. *Atl. Coastline R. Co. v. Saffold*, 130 Fla. 598, 178 So. 288, 290 (Fla. 1938); *Besett v. Basnett*, 437 So. 2d 172, 173 (Fla. 2d DCA 1983). Accordingly, the Court held on remand the trial court must reduce or

eliminate the postacquisition proceeds award against the business to eliminate any duplicative recovery of damages against the business. 889 So. 2d 180 (Fa. 2nd DCA 2004) attached hereto as **Exhibit B.**

In addition, Defendants renew and submit for this Court's consideration caselaw concerning the defense of intra-corporate conspiracy. Namely, Florida courts have held, that similar to the inability of a corporation to conspire with itself, an employer-employee can also not conspire amongst themselves. In this case, Defendants MARK JOHN PUPKE and MARIE MOLLY PUPKE were in an employer-employee role within the business, with Mr. Pupke serving as Mrs. Pupke's supervisor. Thus, the intra-corporate conspiracy defense applies. In *Rivers v. Dillards Dept Store*, appellants alleged that a person was, at all times during the incident, an employee of Dillard's. The Court there found that to the extent appellants seek to assert a claim of civil conspiracy against all of the defendants/appellees, including the employee, absent allegations that an employee "acted in a personal capacity apart from his employee status, [a] corporation cannot conspire with its own . . . employees." *Garrido v. Burger King Corp.*, 558 So. 2d 79 (Fla. 3d DCA 1990), 698 So. 2d 1328 (Fla 1st DCA 1997) attached hereto as **Exhibit C.**

Similarly in *Weisman v. Southern Wine & Spirits of Am. Inc.* in dismissing a party's conspiracy claim the Court noted that the doctrine forecloses an "actionable conspiracy between an entity and its officers or agents." *Hoon v. Pate Const. Co.*, 607 So. 2d 423, 430 (Fla. 4th DCA 1992). This is because "[a] conspiracy requires the combination of two or more persons—a meeting of two independent minds intent on one purpose*." Cedar Hills Props. Corp. v. E. Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991). Where corporate agents are acting within the scope of their employment, their actions "are attributed to the corporation itself, thereby negating the multiplicity of actors needed for a conspiracy." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA),*

*Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016). And, the intracorporate doctrine further bars the conspiracy claim. 297 So. 2d 646 (Fla. 4th DCA 2020) attached hereto as **Exhibit D.**

Finally in *P&G Trucking of Brandon, Inc. v. Riverland Hedging & Topping, Inc.*, in a case involving the collision of several trucks and claims for negligence, Defendants appealed a final judgment awarding damages related to the loss of equipment from the accident, lost profits, "inconvenience," and "administrative" costs. The Court denied certain damages finding that even if the loss of time ("inconvenience") was compensable as business interruption damages, the award in the case would be duplicative of the lost profits award. A double recovery based on the same element of damages is prohibited. *Besett v. Basnett*, 437 So. 2d 172, 173 (Fla. 2d DCA 1983). As the award of business interruption damages for the loss of time and the award for lost profits were for the same period of time subsequent to the accident, permitting Plaintiffs to recover for both the loss of time and loss of earnings would yield a duplicative award of damages. See *Lambert v. Hasson*, 121 Idaho 133, 823 P.2d 167, 174 (Idaho Ct. App. 1991) (recognizing that permitting plaintiff to recover for both loss of earnings and loss of time would "yield a duplicative award of damages"); *Cox v. Chi. Great W. R.R. Co.*, 176 Minn. 437, 223 N.W. 675, 677 (Minn. 1929) (holding that "[l]oss of time and loss of earnings, as covering the same period of time, are a duplication"). 301 So. 3d 294 (Fla. 4th DCA 2020) attached hereto as **Exhibit E.**

                                          Respectfully Submitted,

                                          SWEETAPPLE, BROEKER & VARKAS, P.L.
                                          4800 North Federal Highway, Suite D306
                                          Boca Raton, Florida 33431
                                          E-Mail: pleadings@sweetapplelaw.com

                        By:    /s/ Robert A. Sweetapple
                                **ROBERT A. SWEETAPPLE, ESQ**.

Florida Bar No. 296988<br>
**NAOMI ALZATE, ESQ**.<br>
Florida Bar No. 112822

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, the foregoing document was filed with the Clerk of the Court via CM/ECF.

                        By:    /S Naomi Alzate, Esq.
                              **NAOMI ALZATE, ESQ**.
                              Florida Bar No. 112822

## SERVICE LIST
CASE NO. 17-CV-80732-KAN

| | | |
|---|---|---|
| Jack Alan Goldberger, Esq.<br>Atter Goldberger & Weiss, P.A.<br>250 Australian Avenue South, Suite 1400<br>West Palm Beach, FL 33401<br>Phone: 561-659-8300<br>jgoldberger@agwpa.com<br>*Attorney for the Plaintiff Ravi Kadiyala* | Tyler J. Geppert, Esq.<br>Seiden Netzky Law Group, LLC<br>333 South Wabash Avenue, Suite 2700<br>Chicago, IL 60604<br>Phone: 312-236-3060<br>tgeppert@snlgllc.com<br>*Attorney for Plaintiff Ravi Kadiyala* | Brook Laurine Stevens, Esq.<br>Glenn Seiden, Esq.<br>Mark A. Cisek, Esq.<br>Seiden Law Group, P.C.<br>333 South Wabash Avenue, Suite 2700<br>Chicago, IL 60604<br>Phone: 312-236-3060<br>Email: bstevens@seidengroup.law<br>gseiden@seidengroup.law<br>mcisek@seidengroup.law<br>*Attorney for the Plaintiff Ravi Kadiyala* |
| Martin Wojciech Hoffenden, Esq.<br>Hoffenden Law P.A.<br>P. O. Box 670355<br>Coral Springs, FL 33067<br>Phone: 561-306-1955<br>martin@hoffendenlegal.com<br>*Attorney for Defendant* | Alan Jay Mandel, Esq.<br>7520 Skokie Blvd.<br>Skokie, IL 60077<br>Phone: 847-329-8450<br>*Attorney for Plaintiff* | |