UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80732-CIV-KAM

RAVI KADIYALA, individually, and as the
Assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corporation,

Plaintiffs,

v.

MARK JOHN PUPKE, MARIE MOLLY
PUPKE,

Defendants.
_____/

MARK JOHN PUPKE and
MARIE MOLLY PUPKE,

Counterclaim Plaintiffs,

v.

RAVI KADIYALA, individually, and as the
Assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC. an Illinois corporation,

Counterclaim Defendants.
_____/

## ORDER ON DEFENDANTS' RULE 50 MOTION

This cause is before the Court upon Defendants Mark John Pupke and Marie Molly Pupke's ("Defendants") *ore tenus* Rule 50 motion. The parties filed post-trial briefs. (DE 224, 225, 226.) The Court has carefully considered the arguments of the parties and is otherwise fully advised in the premises.

The Court reserved ruling on some of the grounds asserted by Defendants in their Rule 50 motion[1] on November 10, 2021. (DE 207.)  To the extent the Court orally ruled on Defendants' motion, those rulings are incorporated into this Order.  Subsequently, the jury found for Plaintiff Ravi Kadiyala ("Plaintiff") on his claim for fraud against Defendant Mark Pupke and awarded $500,000.00 in compensatory damages and $1 million in punitive damages. The jury also found for Plaintiff on his claim for conspiracy to commit fraud against Defendant Marie Pupke and awarded $250,000.00 in compensatory damages and $250,000.00 in punitive damages.  Lastly, the jury found for Plaintiff on his aiding and abetting fraud claim against Defendant Marie Pupke and awarded $250,000.00 in compensatory damages and $250,000.00 in punitive damages. (Verdict, DE 213.)

The issues to which this Order is addressed are: (1) whether the intra-corporate conspiracy defense serves to bar Plaintiff's conspiracy to commit fraud claim against Marie Pupke and (2) whether any of the damages awarded against Defendant Marie Pupke are duplicative would result in a double recovery.

**A.  Intra-corporate Conspiracy**.

While a corporation may be held liable as a party to a conspiracy, a conspiracy generally cannot exist between its officers, agents or employees. Kurnow v. Abbott, 114 So. 3d 1099, 1102 (Fla. Dist. Ct. App. 2013).  Moreover, a corporation cannot conspire with its agent unless the agent has a personal stake in the activities that are separate and distinct from the corporation's interest. Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 865 (Fla. Dist. Ct. App. 2006).

---

[1] Federal Rule of Civil Procedure 50(a)(2) provides that a party may move for judgment as a matter of law "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Id. If a district court does not grant the motion, the movant may file "a renewed motion," under Rule 50(b), after trial. Fed. R. Civ. P. 50(b). As with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is "legally sufficient . . . to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

"The reasoning behind the intra-corporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself." Dickerson v. Alachua Cty. Comm'n, 200 F.3d 761, 767 (11th Cir. 2000).

Defendants contend that the doctrine applies because the evidence demonstrated that Defendants were in an employer-employee relationship within the business, with Defendant Mark Pupke serving as Defendant Marie Pupke's supervisor. The Court disagrees. Plaintiff's claim was not that the corporation conspired with Defendants, but that Defendants conspired with each other against Plaintiff. The intra-corporate conspiracy doctrine cannot apply unless the corporation is alleged to be one of the co-conspirators. Defendants were simply the two conspirators needed to establish a conspiracy. Kurnow, 114 So. 3d at 1102 (a civil conspiracy requires more than one party).[2]

### B. Duplicative Compensatory Damages.

The Court next addresses whether the jury's two separate awards of compensatory damages against Defendant Marie Pupke are duplicative of each other and whether those damage awards are also duplicative of the damages award by the jury against Defendant Mark Pupke. In addressing this question, the Court notes that Plaintiff's first claim was for fraud against Defendant Mark Pupke. As indicated previously, the jury found for Plaintiff on this claim and awarded Plaintiff $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages. The other claims brought by Plaintiff were against Defendant Marie Pupke, one for

---

[2] The Court is also denying Defendants' Rule 50 motion on the claim against Marie Pupke for aiding and abetting Mark Pupke's fraud against Plaintiff. As a result, and in view of this Court's conclusion that the compensatory and punitive damage awards against Marie Pupke on the conspiracy and aiding and abetting claims are duplicative, Marie Pupke will not suffer any additional harm as a result of this ruling.

her conspiring with another person[3] to commit fraud (the same fraud perpetrated by Defendant Mark Pupke) and the other for aiding and abetting Mark Pupke in perpetrating the fraud for which Mark Pupke was found liable.[4] The jury then found Marie Pupke liable on both claims and awarded Plaintiff $250,00.00 in compensatory damages and $250,000.00 in punitive damages on each claim. However, there was no evidence presented during the trial that remotely suggested or could support a finding that any compensatory damage caused by Defendant Marie Pupke to Plaintiff on the conspiracy count was different from or in addition to the damage caused by her on the aiding and abetting count. Nor was there any evidence presented that remotely suggested or could support a finding that any compensatory damage caused by Defendant Marie Pupke to Plaintiff was any different from or in addition to that which was caused by Defendant Mark Pupke.

It is axiomatic that "no duplicating recovery of damages for the same injury may be had." St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 573 F.3d 1186, 1203 (11th Cir. 2009) (citing White v. United States, 507 F.2d 1101, 1103 (5th Cir. 1975))[5]; Minotty v. Baudo, 42 So. 3d 824, 833 (Fla. Dist. Ct. App. 2010) ("A double recovery based on the same elements of damages is prohibited.") As Plaintiff notes in his brief, "Plaintiff only suffered one single injury." (DE 225 at 4.) In addressing duplicative awards, the Eleventh Circuit favorably cited to

---

[3] The jury instructions directed the jury to determine whether Marie Pupke agreed with "another party" to perform an unlawful act. [DE 212 at 13]. Although the jury instruction did not specify that the other "party" with whom Marie Pupke agreed or conspired was Mark Pupke, the only evidence in the record of another person with whom she could have conspired or agreed was Mark Pupke.

[4] DE 212 at 15.

[5] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Conway v. Icahn & Co., 16 F.3d 504, 511 (2d Cir. 1994) which held that "[w]here a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed." St. Luke's, 573 F.3d at 1203; see also Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1080 (10th Cir. 2008) (when "[i]t is clear on the face of the jury verdict form that duplication occurred, [ ] this court must therefore reduce the verdict by the amount duplicated"); Garshman Co., Ltd. v. General Electric Co., 176 F.3d 1, 5 (1st Cir. 1999) ("A plaintiff is not entitled to duplicative damages; it may recover only the amount of damages it actually suffered").

As previously stated, there was no evidence to support a finding that Plaintiff suffered any different or additional compensatory damage on the conspiracy count and on the aiding and abetting count. They damages were one and the same, and allowing Plaintiff to recover on both would constitute a double recovery and would be violative of the rule against duplicate recoveries. Florida law rejects Plaintiff's interpretation of the jury verdict. See Barrow v. Bristol-Myers Squibb, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *46 n. 302 (M.D. Fla. Oct. 29, 1998), aff'd sub nom. Barrow v. Bristol Meyers Squibb, 190 F.3d 541 (11th Cir. 1999) ("Although [the p]laintiff has met the elements for recovery of damages under theories of strict liability, negligence, and fraud/negligent misrepresentation, no double recovery for the same injury shall be allowed."); Minotty v. Baudo, 42 So. 3d at 833 (rejecting recovery of damages on both a securities fraud claim and a common law fraud claim involving the same facts and same element of damages); Osheroff v. Rauch Weaver Millsaps & Co., 882 So. 2d 503, 506 (Fla. Dist. Ct. App. 2004) (real estate brokers could not recover damages from purchasers for both tortious interference with a contract and civil conspiracy to breach the contract as the two claims encompassed the same damages, and only one recovery was permitted); Fish v. Adams, 401 So.

2d 843, 846 (Fla. Dist. Ct. App. 1981) ("[w]hen a complaint claims damages in two counts based on the same facts, only one cause of action is alleged despite the fact that the second count charges a civil conspiracy to commit the tortious acts, and only one recovery is permissible.").

The same holds true for the compensatory damage award against Defendant Mark Pupke.  According to the verdict, Defendant Mark Pupke committed a fraud against Plaintiff and Defendant Marie Pupke conspired with her husband to commit that same fraud and aided and assisted in committing that same fraud.  Again, there was no evidence to support a finding that the damage caused by Marie Pupke was different from or in addition to the damage caused by Mark Pupke.  In other words, as Plaintiff states, there was one fraud and "[Defendants] share responsibility for that loss." (DE 225 at 4.)   Defendant Marie Pupke, however, is only jointly responsible for that loss to the extent of $250,000.00.

### C. Punitive Damages.

With respect to punitive damages, St. Luke's held that an award whose primary intent is to punish should not be diminished when coupled with an award intended to compensate the plaintiff for a loss because a punitive damages award serves a different purpose than does a compensatory damages award. St. Luke's, 573 F.3d at 1205-06 (no double compensation when the awards serve to compensate versus serve to punish and deter).  As such, there is no basis to reduce Plaintiff's punitive damages award against both Defendants.[6] The jury verdict found both Defendants liable for punitive damages and Plaintiff is entitled to punitive damages against each Defendant.

Nonetheless, the Court concludes that Plaintiff is not entitled to two punitive damage awards against Marie Pupke on both the conspiracy to commit fraud and the aiding and abetting

---

[6] Defendants do not provide any contrary authority on this issue.

claims. While the punitive damage award is not duplicative of the compensatory damage award, since it relates to the wrongful conduct justifying the award, the conduct was the same for both causes of action. There was no evidence presented indicating that Marie Pupke's conduct relating to the conspiracy count was any different from the conduct relating to the aiding and abetting count. Thus, Marie Pupke cannot be punished twice for the same conduct, particularly where the compensatory damages were identical for both. As such, the Court will permit recovery for $500,000.00 in compensatory damages against Defendant Mark Pupke with joint and several liability against Defendant Marie Pupke for up to $250,000.00. Likewise, with respect to the punitive damage award against Marie Pupke, the Court will permit recovery for $250,000.00 in punitive damages.

### D. Other Issues.

To the extent this Order does not address specifically any grounds asserted by Defendants for their Motion for Judgment as a Matter of Law, the Court denies Defendant's motion.

Based on the foregoing, Defendants' Rule 50 Motion is **DENIED**, and Plaintiff is not entitled to duplicative damages. The Court will separately issue a Judgment consistent with the verdict and this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of December, 2021.

KENNETH A. MARRA
United States District Judge