UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-80732-MARRA/MATTHEWMAN

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corporation,

      Plaintiffs,

v.

MARK JOHN PUPKE, MARIE MOLLY
PUPKE,

      Defendants.
_____/

MARK JOHN PUPKE and
MARIE MOLLY PUPKE,

      Counterclaim Plaintiffs,

v.

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC. an Illinois corporation,

      Counterclaim Defendants.
_____/

FILED BY____KJZ____D.C.

**Aug 16, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S BILL OF COSTS [DE 249]
AND MEMORANDUM IN SUPPORT OF HIS BILL OF COSTS [DE 251]**

**THIS CAUSE** is before the Court upon Plaintiff, Ravi Kadiyala, individually, and as the

assignee of Credit Union Mortgage Utility Banc, Inc.'s ("Plaintiff") Bill of Costs [DE 249] and

Plaintiff's Memorandum in Support of His Bill of Costs (collectively, "Motion"). This matter was

1

referred to the Undersigned by the Honorable United States District Judge Kenneth A. Marra. *See* DE 281. No response was timely filed. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge award Plaintiff costs in the amount of **$6,332.77** against Defendants Mark John Pupke and Marie Molly Pupke.

## I.  BACKGROUND

On March 23, 2016, Plaintiff filed a Complaint in the instant case. [DE 1]. After a jury trial in this case, the jury found in favor of Plaintiff and against Defendants. [DE 213]. On December 17, 2021, this Court entered judgment in the instant case on behalf of Plaintiff and against Defendants Mark Pupke and Marie Molly Pupke. [DE 235]. Thus, there is no question that Plaintiff is the prevailing party in this lawsuit. The Bill of Costs was filed on January 18, 2022[1]. The Motion seeks costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54. Attached to the Bill of Costs is the supporting documentation.

## II.  LITIGATION EXPENSES AND COSTS

Plaintiff requests a total of $6,332.77 in costs and specifically seeks the following costs: (1) $400.00 in fees of the clerk; (2) $258.00 in fees for service of summons and subpoena; (3) $4,958.50 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) $38.80 in fees and disbursements for printing; and (5) $677.47 in fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case. [DE 249]. In his Motion, Plaintiff generally describes the nature of the costs sought to be recovered and the reasons why those costs were incurred. [DE 251]. Defendants Mark John Pupke and Marie Molly Pupke ("Defendants") failed to file a timely

---

[1] The courthouse was closed on January 17, 2022, for a federal holiday. The Motion was timely filed.

response to the Motion.[2]

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Plaintiff is the prevailing party, as evidenced by the judgment on behalf of Plaintiff and against Defendants Mark Pupke and Marie Molly Pupke [DE 235].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

(1) Fees of the Clerk and Marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[2] Regardless of whether Defendants object to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

28 U.S.C. § 1920.

    B.  <u>Analysis</u>

      *1.  Fees of the Clerk*

Plaintiff seeks $400.00 in fees of the Clerk. [DE 249]. This constitutes the $400 fee for filing Plaintiff's Complaint. The $400.00 in filing fees clearly falls within the scope of section 1920(1). Therefore, the Undersigned **RECOMMENDS** that the District Judge award the $400.00 in fees of the Clerk to Plaintiff.

      *2.  Service of Process of Subpoenas*

Plaintiff seeks $258.00 in fees for service of summons(es) and subpoena(s). [DE 249]. 28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). It appears that Plaintiff actually paid the U.S. Marshal directly to effect service. [DE 251 at 2; DE 249, Ex. B]. Therefore, the Undersigned **RECOMMENDS** that the District Judge award $258.00 in fees for the service of the summons(es) and subpoena(s).

      *3.  Deposition and Transcription Fees*

Plaintiff seeks to recover deposition transcript fees in the amount of $4,958.50. [DE 249]. The fees are for the transcripts of the depositions of Plaintiff, Marie Molly Pupke, John P. Miller, and Mark John Pupke. According to Plaintiff, all of those deponents were called as witnesses at trial, so all of their depositions were necessarily obtained for use in the case. [DE 251 at 2–3].

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). In determining the necessity of a deposition, it must only

appear to have been reasonably necessary at the time it was taken. *Id.*

The Court finds that Plaintiff has established that the deposition transcripts of the four individuals were necessarily obtained for use in this case. The Court additionally notes that Defendants do not object to Plaintiff's request. Furthermore, Plaintiff has provided the relevant invoices. [DE 249 at 14, 43–45]. The Undersigned **RECOMMENDS** that the District Judge award Plaintiff $4,958.50 in fees for deposition transcripts.

### 4. *Printing Fees*

Plaintiff seeks to recover fees for disbursement and printing in the amount of $38.80. [DE 249]. According to Plaintiff, these fees are "attributable to the cost of copying fees for discovery production." [DE 251 at 3]. Since Plaintiff's request actually appears to be for copy charges, which are taxable under 28 U.S.C. § 1920(4), the Court will consider this request in the next section.

### 5. *Fees for Copies and Exemplification*

Plaintiff seeks to recover fees for copies and exemplification in the amount of $716.27, which includes the $38.80 discussed above. [DE 249]. According to Plaintiff, the additional $677.47 is for copying fees for the use of materials at trial, and the copies were necessarily obtained for use in this case. [DE 251 at 3]. Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1063 (N.D. Ga. 1992), *aff'd and remanded*, 991 F.2d 751 (Fed. Cir. 1993). The Eleventh Circuit Court of Appeals has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623.

The Undersigned finds that Plaintiff has demonstrated that the copies were necessarily obtained for use in the case. And, as noted above, Defendants have not challenged any of Plaintiff's assertions. Therefore, the Undersigned **RECOMMENDS** that the District Judge award Plaintiff $716.27 in copying costs.

### III.    CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Bill of Costs [DE 249] and further **RECOMMENDS** that Plaintiff be awarded total costs in the amount of $6,332.77. Defendants Mark John Pupke and Marie Molly Pupke should be ordered to pay Plaintiff total costs in the amount of **$6,332.77,** and a judgment should be entered against Defendants accordingly, for which let execution issue. Since there is a pending appeal in this case, the District Judge may wish to wait to issue the judgment until final resolution of the case, including all appeals.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of August 2022.


WILLIAM MATTHEWMAN
United States Magistrate Judge