UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-cv-80732-Marra/Matthewman

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC., an Illinois corporation,

    Plaintiffs,

v.

MARK JOHN PUPKE and
MARIE MOLLY PUPKE,

    Defendants.
_____/

MARK JOHN PUPKE and
MARIE MOLLY PUPKE,

    Counterclaim Plaintiffs,

v.

RAVI KADIYALA, individually, and as the
assignee of CREDIT UNION MORTGAGE
UTILITY BANC, INC. an Illinois corporation,

    Counterclaim Defendants.
_____/

FILED BY KJZ D.C.
Oct 14, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY TO IMPLEAD THIRD PARTIES AND FOR APPOINTMENT OF RECEIVER [DE 291]**

**THIS CAUSE** is before the Court upon Plaintiff, Ravi Kadiyala, individually and as the assignee of Credit Union Mortgage Utility Bank's ("Plaintiff"), Motion to Commence Proceedings Supplementary and to Implead Third Parties and for Appointment of Receiver ("Motion") [DE

1

291]. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge Kenneth A. Marra. *See* DE 294. Defendants, Mark John Pupke and Marie Molly Pupke ("Defendants"), have filed a response [DE 300], and no timely reply was filed. The matter is now ripe for review.

## I.     PROCEDURAL BACKGROUND

On March 23, 2016, Plaintiff filed a Complaint in the instant case. [DE 1]. After a jury trial, the jury found in favor of Plaintiff and against Defendants. [DE 213]. On December 17, 2021, the Court entered Judgment in the instant case on behalf of Plaintiff and against Defendants Mark Pupke and Marie Molly Pupke. [DE 235]. Specifically, the Judgment awarded damages against Defendant Mark Pupke in the amount of $500,000.00 in compensatory damages and in the amount of $1,000,000.00 in punitive damages for a total award of $1,500,000.00. *Id.* The Judgment awarded damages against Defendant Marie Molly Pupke in the amount of $250,000.00 in compensatory damages and $250,000.00 in punitive damages for a total award of $500,000.00. *Id.*

On August 31, 2022, Judge Marra also entered a Judgment [DE 289] on behalf of Plaintiff and against Defendants in the amount of $6,332.77, along with post-judgment interest, after entering an Order granting Plaintiff's Bill of Costs.

## II.     MOTION AND RESPONSE

In his Motion, Plaintiff seeks to commence proceedings supplementary and to implead third parties Danielle Viola Lipovetskiy, Oleg Lipovetskiy, Alexander Kachanovskiy, and GN Telecom. [DE 291 at 1]. Plaintiff also seeks the appointment of a Receiver to "protect and manage" Eiffel Investment Group and Associates, LLC, and Hampton Homes Inc. and the "Real Property and personal property they own and to collect the rents." *Id.* at 9. Plaintiff explains the post-judgment investigatory work he has conducted and what that investigation showed. *Id.* at 2–4.

According to Plaintiff, the "Final Judgment remains unpaid because the Judgment Debtors transferred, and converted, assets to their daughter (Danielle Lipovetskiy), their son in law (Oleg Lipovetskiy), to Alexander Kachanovskiy, and to GN Telecom to avoid paying Plaintiff." *Id.* at 4. Plaintiff relies on sections 56.29(1), 56.29(2), and 56.29(3)(a-b), Florida Statutes, in seeking relief. *Id.* at 4–7. Plaintiff requests that the Court order Notices to Appear to be issued to the three individuals and the entity and that the Court permit Plaintiff to implead them into this supplemental proceeding. *Id.* at 7. He also alleges that Mark Pupke transferred the assets, accounts, personal property, equipment, inventory and other holdings of Eiffel Investment Group and Associates, LLC and Hampton Homes Inc. to his daughter, son-in-law, and GN Telecom "in order to hinder, delay, and defraud the Plaintiff." *Id.*

In response, Defendants argues that Plaintiff has failed to meet his burden to implead non-parties pursuant to section 56.29(2), Florida Statutes, since he alleges "Mark Pupke, transferred all assets, accounts, personal property, equipment, inventory, and other various holdings of EIFFEL INVESTMENT GROUP AND ASSOCIATES, LLC and HAMPTON HOMES INC. to his daughter, Danielle Lipovetskiy, to his son in law, Oleg Lipovetskiy, to Alexander Kachanovskiy, and to ON TELECOM," but "the assets of EIFFEL INVESTMENT GROUP AND ASSOCIATES, LLC ("Eiffel Investment") and HAMPTON HOMES INC. ("Hampton Homes") are not the assets of the judgment debtors, MARK PUPKE and MARIE PUPKE, and, thus, may not be applied toward the satisfaction of the judgment." [DE 300 at 1–2]. According to Defendants, the "assets of non-parties who were not alleged to have received the property from the judgment debtor or owe a debt to the judgment debtor are not the intended subject of § 56.29. A mere familial connection to the judgment debtor is not sufficient to bring a non-party under the purview of proceedings supplementary." *Id.* at 3. Defendants argue that Plaintiff has failed to pierce the

3

corporate veil here, which he would have to do first before seeking the relief laid out in the Motion. *Id.* Finally, Defendants contend that appointing a Receiver would be improper here because "Plaintiff does not show that the property of Eiffel Investment and Hampton Homes is subject to a serious loss or that Plaintiff has a 'clear legal right' to their property." *Id.* at 4. Defendants emphasize that Plaintiff has also failed to give Eiffel Investment and Hampton Homes notice or the opportunity to be heard. *Id.*

### III. ANALYSIS

Pursuant to Rule 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located. Florida law applies here and states that a person who holds an unsatisfied judgment "may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment . . . and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution." § 56.29(1), Fla. Stat. "A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *1 (S.D. Fla. May 30, 2019). Here, Plaintiff has met the jurisdictional requirements established by section 56.29(1), Florida Statutes, by submitting an Affidavit [DE 291 at 64–65] and demonstrating that a writ of execution is valid and unsatisfied.

However, Plaintiff also cites § 56.29(2), Fla. Stat., in his Motion, which section is also applicable here. Section 56.29(2) sets forth several mandatory requirements, including that the moving party "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which

4

may be applied toward the satisfaction of the judgment." The statute also requires the filing of proposed Notices to Appear. § 56.29(2), Fla. Stat. The Notice to Appear procedure is designed to provide certain notice and rights to a non-party who a judgment creditor seeks to hale into court in an effort to collect on a judgment.

"Compliance with these prerequisites is necessary for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings." *Amaltheia Cap. Ltd. v. Joseph*, No. 19-CV-62746, 2021 WL 7502557, at *2 (S.D. Fla. June 2, 2021) (citing *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995)). "In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party." *Id.* (citing *Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011)). Moreover, there is no requirement that the judgment creditor make a prima facie showing that the parties to be impleaded hold the assets subject to the judgment. *Office Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582, 2011 WL 1674963, at *2 (S.D. Fla. May 3, 2011). Once a third party is impleaded, it must appear and show cause as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012) (citation omitted).

"[I]n cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019

WL 2297524, at *2 (S.D. Fla. May 30, 2019) (quoting *Longo v. Associated Limousine Servs.*, Inc., 236 So. 3d 1115, 1121 (Fla. 4th DCA 2018); *see also Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2018 WL 3432712, at *4 (S.D. Fla. July 16, 2018), *order clarified,* No. 14-81488-CIV, 2018 WL 4203686 (S.D. Fla. Aug. 31, 2018).

Here, Plaintiff has not complied with the statutory requirements. The Motion and Affidavit fail to "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment" in compliance with section 56.29(2), Fla. Stat. Instead, Plaintiff makes the following allegations as to fraudulent transfer claims:

> 28. As stated above, during the pendency of the litigation, the Defendant, Mark Pupke, transferred his interest in EIFFEL INVESTMENT GROUP AND ASSOCIATES, LLC, which is the owner of at least five (5) pieces of real property and which recently sold three (3) other pieces of real property to third parties, for nominal amounts and two (2) insider family members, as reflected in the Special Warranty Deeds, the Defendant, Mark Pupke, continues to have an ownership stake as EIFFEL INVESTMENT GROUP AND ASSOCIATES, LLC's "President."
>
> 29. Additionally, during the pendency of the litigation, the Defendant, Mark Pupke, transferred his interest in HAMPTON HOMES INC. which is the general contractor of at least fifty (50) residences in [ ] Port St. Lucie, Florida, the same properties sold by Eiffel.

[DE 291 at 8].

While describing the property of an alter ego of the judgment debtor can be sufficient, in this Motion there is no actual analysis or argument regarding piercing the corporate veil or alter ego liability. Eiffel Investment Group and Associates, LLC, and Hampton Homes Inc. are not parties in this case, are not listed as judgment debtors in either of the Judgments, and are not parties that Plaintiff seeks to implead in the Motion. The Court agrees with Defendants that Plaintiff's Motion makes a logical leap in alleging fraudulent transfers by Eiffel Investment Group and

Hampton Homes to Danielle Viola Lipovetskiy, Oleg Lipovetskiy, Alexander Kachanovskiy, and GN Telecom without first making any explicit argument regarding piercing the corporate or an alter ego theory. Plaintiff simply cites general case law about piercing the corporate veil and alter ego in paragraphs 22, 23, 25 of the Motion without actually applying that law to the facts at hand or explaining how the facts support his argument. [DE 291 at 7]. This is insufficient. Moreover, the Court notes that Plaintiff has not filed a reply and thus has failed to rebut any argument on this issue.

Finally, "[a]ppointing a receiver is a rare and extraordinary remedy" and "it is an abuse of discretion to appoint a receiver in the absence of a showing that property is subject to a serious loss." *Gonzalez Plaza v. Gonzalez Plaza*, 78 So. 3d 4, 6 (Fla. 3d DCA 2011) (citations omitted). Further, the party seeking a Receiver "must show clear legal right . . . to the property in controversy, or that he has some lien upon or property right in it, or that it constitutes a special fund of which he is entitled to satisfaction of his demand." *Id*. This standard has not been met here for the same reasons stated above. Plaintiff has not shown a clear right to the property in controversy or that he has some lien upon or property right in it. Moreover, Plaintiff does not proffer or submit who would pay for the services of the receiver if such relief were to be granted.

## IV.    CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties and for Appointment of Receiver [DE 291] is **DENIED** without prejudice to Plaintiff's ability to file an amended motion to commence proceedings supplementary and to implead third parties to proceedings in full compliance with all applicable statutes and relevant case law.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of October, 2022.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge