# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:17-cv-80732-KAM

| | |
|---|---|
| **RAVI KADIYALA, individually, and as the assignee of CREDIT UNION MORTGAGE UTILITY BANC, INC., an Illinois corp.,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **MARK JOHN PUPKE, MARIE MOLLY PUPKE, JOHN P. MILLER, individually and doing business as JOHN P. MILLER, CPA PA, a Florida corporation,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

### PLAINTIFF RAVI KADIYALA'S MOTION FOR FEDERAL RULE OF CIVIL PROCEDURE 11 SANCTIONS AGAINST MARK JOHN PUPKE, MARIE MOLLY PUPKE, AND JAMIE TODD FOREMAN

NOW COMES Plaintiff RAVI KADIYALA, individually, and as the assignee of CREDIT UNION MORTGAGE UTILITY BANC, INC., and in support of his Motion for Federal Rule of Civil Procedure 11 Sanctions against Defendants Mark John Pupke, Marie Molly Pupke, and their counsel, Jamie Todd Foreman, he now states as follows:

1.      Plaintiff previously warned this Court that:

By now it is clear that Defendants will re-litigate this matter for as long as the legal system will let them do so. In so doing, they waste both this Court's time, and force the Plaintiff to waste more money in continuing legal fees. Defendants' Motion to Vacate has been fully briefed, and accordingly, should stand or fall on what already has been submitted. This Court should not permit itself and Plaintiff from being abused by letting the Defendants add "just one more thing."

DE # 360, ¶12. Likewise, Plaintiff subsequently told this Court:

1

> Unless and until there are consequences for Defendants and/or their counsel, Plaintiff expects that Defendants will continue to abuse the legal system by indiscriminately filing motions and discovery requests for purposes of delay, as they have done up to now.

DE # 373, ¶22.

2.      As Plaintiff had predicted, Defendants continue to file additional documents to support their Motion to Vacate the judgment in this case. Most recently, Defendants have filed a "Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" (DE #376, hereinafter "Motion").

3.      Plaintiff now adopts the arguments that he made in Plaintiff Ravi Kadiyala's Response to Defendants' Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" (DE #378) as if stated in full herein.

4.      The Federal Rules of Civil Procedure provide, in relevant part:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> *      *      *
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . . .

Federal Rule of Civil Procedure 11(b)(1), (b)(3).

5.      Plaintiff submits that, for the reasons that have been argued to this Court in DE #378, Defendants' "Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" was filed in violation of Federal Rules of Civil Procedure 11(b)(1) and  11(b)(3).

6.     Plaintiff further submits that the Pupkes already owe Plaintiff $2.5 million on the judgment in this case, plus roughly half-a-million dollars more in fees and costs, plus ever-accruing interest payments on the same. In the face of such owing such a sum, it is reasonable to think that the Pupkes will not be deterred by any further fines or fees imposed by this Court. However, Plaintiff believes that, were this Court to take action against the Pupkes' counsel directly (whether in addition to or in the place of the Pupkes), the number of future frivolous filings in this matter would be sharply reduced.

7.     On or about December 29, 2025, Plaintiff's counsel sent a draft of this motion (lacking only this paragraph and the following one), along with the letter mandated by Rule 11, warning that if Defendants did not withdraw their Motion, Plaintiff would file a Rule 11 Motion. Letter of December 29, 2025, attached hereto as Exhibit A. Defendants did not withdraw their Motion, and, on or about January 22, 2026, the Magistrate Judge ultimately recommended denying the Motion to Vacate that Defendants' Motion was intended to supplement, among other things. DE #381, *passim*.

8.     Although the Magistrate Judge has now recommended denial of the underlying Motion, Plaintiff files this Rule 11 Motion because the harm addressed by Rule 11 has already occurred. Specifically, Defendants' filing of a frivolous and improper motion required Plaintiff to expend yet more time and resources to respond. The Magistrate Judge's recommendation on the merits does not cure or moot the Rule 11 violation. Sanctions remain necessary, not only to compensate Plaintiff for the unnecessary costs incurred, but also to deter Defendants and their counsel from continuing their pattern of abusive and dilatory filings in this matter.

**WHEREFORE,** Plaintiff RAVI KADIYALA, individually, and as the assignee of CREDIT UNION MORTGAGE UTILITY BANC, INC., prays this Honorable Court for entry of an Order:

1.  Imposing Federal Rule of Civil Procedure 11 Sanctions against Defendants Mark John Pupke, Marie Molly Pupke, and their counsel, Jamie Todd Foreman, in an amount not less than Plaintiff's costs and fees incurred while preparing both this Motion and his Response to their Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment; and

2.  Whatever other and further relief this Court deems just.

Dated: February 5, 2026

Respectfully submitted,

/s/ Mark Cisek
One of the Attorneys for Plaintiff Ravi Kadiyala, both in his individual capacity and as the assignee of Credit Union Mortgage Utility Banc, Inc.

/s/ Jack Goldberger
One of the Attorneys for Plaintiff Ravi Kadiyala, both in his individual capacity and as the assignee of Credit Union Mortgage Utility Banc, Inc.

Glenn Seiden, *pro hac vice* IL ARDC# 2543761
Mark Cisek, *pro hac vice*  IL ARDC # 6242683
Brooke L. Stevens née Lewis, *pro hac vice*,
    IL ARDC# 6295195
SEIDEN  LAW  GROUP, P.C.
333 South Wabash Avenue, Suite 2700
Chicago, Illinois 60604
(312) 236.3060 ph. / (312).236.3061 fax
gseiden@seidengroup.law
bstevens@seidengroup.law
mcisek@seidengroup.law

Jack Goldberger, FL Bar 262013
GOLDBERGER & WEISS, P.A.
1555 Palm Beach Lakes Blvd.
Suite 1400
West Palm Beach, Florida  33401
(561) 659.8300 ph.
(561) 853.8691 fax
jack@goldbergerweiss.com

# EXHIBIT A

# SEIDEN LAW GROUP, P.C

3665 Woodhead Drive, Northbrook, Illinois 60062
333 South Wabash Avenue – Suite 2700, Chicago, Illinois 60062
Ph. 312.236.3060.  Fax 312.236.3061  www.seidengroup.law

FROM THE DESK OF:
Mark Cisek
312.236.3060
mcisek@seidengroup.law

December 29, 2025

**_Via E-Mail Transmission_**
Jamie Todd Foreman
6901 Okeechobee Blvd.
Ste. D5, #AM519
West Palm Beach, FL 33411
Email:  jamietodd@judiciouslaw.com

> **Re:**   **_Ravi Kadiyala v. Mark and Marie Pupke_**
> **Case No: 2017-CV-80732**

Dear Mr. Foreman:

We have reviewed your latest filing in this case, specifically, the Pupkes' "Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment." DE# 376. We can find no factual or legal basis or legitimate purpose for the Pupkes to have filed it.

Therefore, please find attached hereto a draft copy of a Motion Requesting Rule 11 sanctions against the Pupkes and you. Rule 11 sanctions, in part, provide for financial assessments in circumstances where there exists no law or facts to support a filed motion. However, if you and the Pupkes withdraw the Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment, then pursuant to FRCP 11(c)(2), we will not file our Rule 11 Motion.

Very Truly Yours,

Mark A. Cisek

Mark Cisek
SEIDEN LAW GROUP, P.C.

Encls
Our File Nos. 519-1000-B
cc: Glenn Seiden, Joane P. Acosta, Brooke Stevens, Sherry Mahoney, Jack Goldberger, all by email only

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:17-cv-80732-KAM**

| | |
|---|---|
| **RAVI KADIYALA, individually, and as the** | ) |
| **assignee of CREDIT UNION MORTGAGE** | ) |
| **UTILITY BANC, INC., an Illinois corp.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MARK JOHN PUPKE, MARIE MOLLY** | ) |
| **PUPKE, JOHN P. MILLER, individually** | ) |
| **and doing business as JOHN P. MILLER, CPA** | ) |
| **PA, a Florida corporation,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF RAVI KADIYALA'S MOTION FOR FEDERAL RULE OF CIVIL**
**PROCEDURE 11 SANCTIONS AGAINST MARK JOHN PUPKE,**
**MARIE MOLLY PUPKE, AND JAMIE TODD FOREMAN**

NOW COMES Plaintiff RAVI KADIYALA, individually, and as the assignee of CREDIT UNION MORTGAGE UTILITY BANC, INC., and in support of his Motion for Federal Rule of Civil Procedure 11 Sanctions against Defendants Mark John Pupke, Marie Molly Pupke, and their counsel, Jamie Todd Foreman, he now states as follows:

1.      Plaintiff previously warned this Court that:

> By now it is clear that Defendants will re-litigate this matter for as long as the legal system will let them do so. In so doing, they waste both this Court's time, and force the Plaintiff to waste more money in continuing legal fees. Defendants' Motion to Vacate has been fully briefed, and accordingly, should stand or fall on what already has been submitted. This Court should not permit itself and Plaintiff from being abused by letting the Defendants add "just one more thing."

DE # 360, ¶12. Likewise, Plaintiff subsequently told this Court:

> Unless and until there are consequences for Defendants and/or their counsel, Plaintiff expects that Defendants will continue to abuse the legal system by indiscriminately filing motions and discovery requests for purposes of delay, as they have done up to now.

DE # 373, ¶22.

2.      As Plaintiff had predicted, Defendants continue to file additional documents to support their Motion to Vacate the judgment in this case. Most recently, Defendants have filed a "Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" (DE #376, hereinafter "Motion").

3.      Plaintiff now adopts the arguments that he made in Plaintiff Ravi Kadiyala's Response to Defendants' Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" (DE #378) as if stated in full herein.

4.      The Federal Rules of Civil Procedure provide, in relevant part:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> *      *      *
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . . .

Federal Rule of Civil Procedure 11(b)(1), (b)(3).

5.      Plaintiff submits that, for the reasons that have been argued to this Court in DE #378, Defendants' "Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment" was filed in violation of Federal Rules of Civil Procedure 11(b)(1) and  11(b)(3).

6.      Plaintiff further submits that the Pupkes already owe Plaintiff $2.5 million on the judgment in this case, plus roughly half-a-million dollars more in fees and costs, plus ever-accruing interest payments on the same. In the face of such owing such a sum, it is reasonable to think that the Pupkes will not be deterred by any further fines or fees imposed by this Court. However, Plaintiff believes that, were this Court to take action against the Pupkes' counsel directly (whether in addition to or in the place of the Pupkes), the number of future frivolous filings in this matter would be sharply reduced.

**WHEREFORE,** Plaintiff RAVI KADIYALA, individually, and as the assignee of CREDIT UNION MORTGAGE UTILITY BANC, INC., prays this Honorable Court for entry of an Order:

1.      Imposing Federal Rule of Civil Procedure 11 Sanctions against Defendants Mark John Pupke, Marie Molly Pupke, and their counsel, Jamie Todd Foreman, in an amount not less than Plaintiff's costs and fees incurred while preparing both this Motion and his Response to their Corrected Motion for Leave to File Supplemental Evidence in Support of Their Motion to Vacate Judgment; and

2.      Whatever other and further relief this Court deems just.

Dated: December 29, 2025                            Respectfully submitted,

/s/ Mark Cisek
One of the Attorneys for Plaintiff Ravi Kadiyala, both in his individual capacity and as the assignee of Credit Union Mortgage Utility Banc, Inc.

/s/ Jack Goldberger
One of the Attorneys for Plaintiff Ravi Kadiyala, both in his individual capacity and as the assignee of Credit Union Mortgage Utility Banc, Inc.

Glenn Seiden, *pro hac vice* IL ARDC# 2543761          Jack Goldberger, FL Bar 262013
Mark Cisek, *pro hac vice*  IL ARDC # 6242683          GOLDBERGER & WEISS, P.A.
Brooke L. Stevens née Lewis, *pro hac vice*,           1555 Palm Beach Lakes Blvd.
     IL ARDC# 6295195                                  Suite 1400

SEIDEN  LAW  GROUP, P.C.
333 South Wabash Avenue, Suite 2700
Chicago, Illinois 60604
(312) 236.3060 ph. / (312).236.3061 fax
gseiden@seidengroup.law
bstevens@seidengroup.law
mcisek@seidengroup.law

West Palm Beach, Florida  33401
(561) 659.8300 ph.
(561) 853.8691 fax
jack@goldbergerweiss.com

## CERTIFICATE OF SERVICE

I, Jack Alan Goldberger, an attorney, do hereby certify under penalties of law that in accordance with Fed.R.Civ.P.5, I caused a copy of **Plaintiff Ravi Kadiyala's Motion for Federal Rule of Civil Procedure 11 Sanctions Against Mark John Pupke, Marie Molly Pupke, and Jamie Todd Foreman** to be served upon the named attorneys of record who have appeared electronically by CM/ECF filing methods:

Jamie Todd Foreman
P.O. Box 29
DeFuniak Springs, FL 32435
jamietodd@judiciouslaw.com

on this the 5th of February 2026.

/s/ Jack Alan Goldberger
Jack Alan Goldberger, One of the Attorneys for Plaintiff Ravi Kadiyala, both in his individual capacity and as the assignee of Credit Union Mortgage Utility Banc, Inc.

Glenn Seiden, *pro hac vice,* ARDC#: 2543761
Brooke L. Stevens née Lewis, *pro hac vice,* ARDC# 6295195
Mark A. Cisek, *pro hac vice,* ARDC #: 6242683
SEIDEN LAW GROUP, P.C.
333 South Wabash Avenue, Suite 2700
Chicago, Illinois 60604
(312) 236.3060 ph/(312).236.3061 fax
gseiden@seidengroup.law
mcisek@seidengroup.law
bstevens@seidengroup.law
*Attorneys for Plaintiff Ravi Kadiyala*

Jack Goldberger, FL Bar 262013
GOLDBERGER & WEISS, P.A.
1555 Palm Beach Lakes Blvd., Ste. 1400
West Palm Beach, Florida 33401
(561) 659.8300 ph.
(561) 853.8691 fax
jgoldberger@agwpa.com